| | |
|---|---|
| United States of America, | No. 14-CR-334(2) (SRN) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Jordan Denzel Strickland, | |
| Defendant. | |

---

Jeffrey Paulsen, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415

Jordan Denzel Strickland, No. 18194-041, USP Leavenworth, PO Box 1000, Leavenworth, Kansas 66048

---

SUSAN RICHARD NELSON, United States District Judge

Defendant Jordan Denzel Strickland  pleaded guilty to a Hobbs Act robbery in connection with the 2014 armed robbery of the Minnesota State Fair Beer Garden.  On July 28, 2015, Strickland was sentenced to a 70-month term of imprisonment.  On January 30, 2017, Strickland filed a motion pursuant to Fed. R. Crim. P. 35(a) challenging the validity of that sentence [Doc. No. 196].  But Rule 35(a) is inapplicable here.  It provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  The 14-day deadline for seeking such relief has

long since passed.  In addition, Strickland's challenge to his sentence is not based on an

arithmetical, technical, or other clear error, but instead is based on an alleged constitutional

error in applying a sentencing enhancement.  He asserts that the sentencing enhancement that

he received for brandishing a firearm during the robbery violates the Sixth Amendment, as

"Brandishing was "element" [sic] requiring submission to the Jury."  (Pet. at 2-3.)

   "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to

a motion and recharacterize the motion in order to place it within a different legal category."

Castro v. United States, 540 U.S. 375, 381 (2003).  The correct procedure for Strickland to

challenge the validity of his sentence would be to bring a motion pursuant to 28 U.S.C.

§ 2255.  The Court could certainly treat Strickland's petition as a § 2255 motion–Strickland's

first such petition.  However, before doing so, the Court must warn Strickland that this

recharacterization will mean that any subsequent § 2255 motion he files will be subject to

the stringent restrictions placed on second or successive § 2255 motions.  See 28 U.S.C.

§ 2255(h).  The Court also warns that § 2255 motions are subject to a one-year limitations

period, as set forth in 28 U.S.C. § 2255(f).[1]

   Therefore, the Court gives Strickland the opportunity to either withdraw the motion

in order to avoid recharacterization (and avoid the restrictions on second-or-successive

motions should he later challenge his sentence again) or amend it so that it contains every

claim for relief that Strickland believes is available to him under 28 U.S.C. § 2255.  See

---

   [1]  Strickland is also warned that it appears it is too late for him to seek relief under
§ 2255.  See 28 U.S.C. § 2255(f).

Castro, 540 U.S. at 383; Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002).

Strickland must submit an amended § 2255 motion, or withdraw his current motion, by no later than July 30, 2017, failing which his pending motion will be reinterpreted as being brought under 28 U.S.C. § 2255.

SO ORDERED.

Dated:   June 29, 2017                                    s/Susan Richard Nelson
                                                          SUSAN RICHARD NELSON
                                                          United States District Judge