UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 14-CR-334(2) (SRN/TNL) |
| | 17-CV-5129 (SRN) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION & ORDER |
| Jordan Denzel Strickland, | |
| Defendant. | |

Jeffrey Paulsen, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415.

Jordan Denzel Strickland, No. 18194-041, FCI-Oxford, PO Box 1000, Oxford, Wisconsin 53952, *Pro Se*.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Jordan Denzel Strickland's *pro se* motion for an order of this Court to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a) [Doc. No. 196]. The Court construes Strickland's motion to be brought under 28 U.S.C. § 2255, and, for the reasons set forth below, denies it.

I.   BACKGROUND

On August 29, 2014, Strickland and several other individuals participated in an armed robbery of the beer garden at the Minnesota State Fair, resulting in the theft of approximately $104,000 in cash. (Plea Agreement at 1, ¶ 1 [*See* Docket Entry 112].) Strickland subsequently pleaded guilty to interference with commerce by robbery, in

violation of 18 U.S.C. § 1951 and § 2 (commonly known as "Hobbs Act robbery"). (*Id.* at 2, ¶ 2.) In exchange for his guilty plea, the Government agreed to dismiss Count 2 of the Indictment, which charged Strickland with using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and § 2. (*Id.* at 4, ¶ 4; Indictment at 2 [Doc. No. 12].)

In his plea agreement, Strickland stipulated to a 5-level firearm enhancement pursuant to U.S.S.G. § 2B3.1(b)(2). (Plea Agreement at 4, ¶ 7A.) The plea agreement states that "[t]he base offense level of 20 must be increased by 5 levels because a firearm was brandished or possessed by one or more of the defendant's co-defendants and such possession and brandishing of a firearm was reasonably foreseeable to the defendant." (*Id.*) Based on this enhancement, as well as additional enhancements and reductions, the plea agreement anticipated an offense level of 26 and a Guidelines range of 70–87 months of imprisonment. (*Id.* at 5, ¶ 11.) On July 28, 2015, this Court duly sentenced Strickland to a total term in prison of 70 months, three years of supervised release, and restitution. (*See* Third Am. Min. Entry [Doc. No. 176]; Sentencing J. [Doc. No. 177].)

Strickland did not appeal his sentence. But on January 30, 2017, he filed the present motion pursuant to Fed. R. Crim. P. 35(a) challenging the validity of his sentence. Strickland first asserts that the 5-level sentencing enhancement that he received for the brandishing of a firearm during the robbery violates his Sixth Amendment rights because "[b]randishing was 'element' [sic] requiring submission to the Jury." (Mot. at 2–3, ¶ 7.)

Second, he argues that "[a]s in Welch/Johnson,"[1] the Guidelines provision used to enhance his sentence, U.S.S.G. § 1B1.3(a)(1)(A)(B), "falls under the residual clause that was declared unconstitutional and can no longer be used" to support enhancements. (*See id.* at 3, ¶ 8.) Finally, Strickland argues that his sentence should be corrected based on the then-pending case of *Beckles v. United States*, 137 S. Ct. 886 (2017).[2]

Strickland's motion, however, does not fall under the scope of Rule 35(a). That Rule provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Strickland filed his motion well after the 14-day deadline had passed, and he does not argue that his sentence should be corrected based on an arithmetical, technical, or other clear error. (*See* Mot.) As such, on June 29, 2017, this Court issued an order giving Strickland the opportunity to either withdraw his motion to avoid its re-characterization as one brought under 28 U.S.C. § 2255, or amend it to contain every claim for relief that he believes is available to him under § 2255. (*See* June 29 Order [Doc. No. 199]; *See also Castro v. United States*, 540 U.S. 375, 383 (2003) (holding that a district court may only re-characterize a *pro se* motion as a § 2255 motion if it first issues certain warnings and gives the defendant the opportunity to withdraw or amend the motion.) This Court also requested a response from

---

[1] This Court understands Strickland to be referring to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).

[2] Throughout, Strickland refers to the case of "Beckley," which was pending when he filed his motion. (Mot. at 2–3, ¶¶ 6, 8.) This Court, as well as the Government, (*see* Gov't's Opp'n at 4 [Doc. No. 198]), understands Strickland to be citing to *Beckles* based on context.

3

the Government, (*see* Mar. 13, 2017 Order [Doc. No. 197]), which the Government filed on March 31, 2017 opposing Strickland's motion. (Gov't's Opp'n.)

After this Court's order, Strickland neither withdrew his motion nor amended it, thus this Court re-characterizes it as one brought under § 2255.

## II.  DISCUSSION

### A.  Standard for Relief

Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and "for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Permissible grounds for a § 2255 motion also include claims that the sentencing court lacked jurisdiction to impose a sentence, or that the sentence exceeded the maximum authorized by law or is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Beyond constitutional and jurisdictional errors, however, the permissible scope of § 2255 claims is "severely limited." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc).

For the reasons explained below, Strickland fails to make out a viable claim for relief under § 2255, and his motion is denied.

### B.  Timeliness

A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

(1)     The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the triggering event was the date on which the judgment of conviction became final, which was in August of 2015. *Id.* § 2255(f)(1). On July 28, 2015, this Court sentenced Strickland. (*See* Sentencing J. at 1.) Strickland had fourteen days from entry of the sentencing judgment, or until mid-August, s*ee* Fed. R. App. P. 4(b)(1)(A)(i), to file a direct appeal, which he did not do. Thus, his conviction became final mid-August of 2015, and the one-year statute of limitations for filing a § 2255 motion began to run. Strickland, however, did not send his § 2255 motion until January 25, 2017—several months after the one-year limitations period had passed. (*See* Certificate of Service [Doc. 196-1].) Moreover, none of the alternate triggering events under § 2255(f)(2–4) are present in this case. Accordingly, Strickland's § 2255 motion is time-barred and must be dismissed. However, even on the merits, his claims fail, as explained below.

**C. Merits**

Strickland advances two primary arguments for why his sentence should be corrected, but both lack merit. First, he argues that the 5-level enhancement he received pursuant to U.S.S.G. § 2B3.1(b)(2)(C) violates his Sixth Amendment rights because

5

"brandishing" was an "element" that should have been submitted to a jury. (Mot. at 2–3, ¶ 7.) Strickland contends that he "cannot be held [accountable][3] for his codefendants [sic] actions" as he "took a plea deal for his own actions." (*Id.*) In support of his argument, Strickland cites to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that facts that increase mandatory minimum sentences must be submitted to the jury because they are elements of the crime. (*See* Mot. 2–3, ¶¶ 6, 8.)

The Court first notes that Strickland procedurally defaulted this argument. *See United States v. Brown*, No. 12-cr-0172(2), 2016 WL 7428192, at *2 (D. Minn. Dec. 12, 2016). First, he did not object to the enhancement at sentencing; in fact, he stipulated to it in his plea agreement. Moreover, he procedurally defaulted the argument by not raising it on direct appeal. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Here, Strickland "cannot show cause and prejudice because he could have raised this argument at the time of his guilty plea." *Id.* Moreover, he makes no showing of actual innocence.

But, more importantly, *Alleyne* is inapplicable to Strickland's case. Here, what he challenges—the 5-level enhancement—did not raise or in any way implicate the minimum or maximum sentence for his crime. *See United States v. Thomas*, 760 F.3d 879, 889–90

---

[3] The motion states "allowable," but this Court understands Strickland to mean "accountable." (*See* Mot. at 3, ¶ 7.)

6

(8th Cir. 2014) (holding *Alleyne* to be inapposite where neither the statutory minimum nor maximum punishment changed as a result of the district court's consideration of uncharged conduct and the defendant was sentenced within the statutory range); *see also* 18 U.S.C. § 1951 (maximum penalty of 20 years imprisonment). And, "[u]nder an advisory sentencing regime, 'the district court is entitled to determine sentences based upon judge-found facts and uncharged conduct' where the defendant is 'not sentenced in excess of the statutory maximum.'" *United States v. Cruz-Zuniga*, 571 F.3d 721, 726 (8th Cir. 2009). That is precisely what happened here. This Court applied the 5-level sentencing enhancement and sentenced defendant to 70 months of imprisonment—well short of the 20 years maximum—after accepting Strickland's plea, which stipulated to facts supporting the enhancement.[4]

Strickland's second argument is likewise unavailing. He argues that *Johnson*, *Welch*, and *Beckles* provide that U.S.S.G. § 1B1.3(a)(1)(A)(B) is unconstitutional. However, neither *Johnson* nor *Welch* are applicable to Strickland's case because they considered the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), which played no part in Strickland's sentencing. *See Johnson*, 135 S. Ct. at 2557–60 (holding that the residual clause of the ACCA is unconstitutionally vague); *Welch*, 136 S.

---

[4] Strickland also argues that this Court "adopted the presentence investigative report (PSI) without making any factual findings on matters as required by Fed. R. Crim. P. 32 when the probation agency applied 1B1.3(a)(1)(A)(B)." (Mot. at 3, ¶ 8.) To the extent that Strickland argues that the Court should not have accepted the facts contained in his plea agreement and in the presentence investigation report ("PSR") regarding the brandishing or possession of the firearm, if a defendant does not object to the facts in a PSR, like in the present case, "the court may accept the facts as true and rely on the unobjected-to facts in determining whether to impose an enhancement." *United States v. Douglas*, 646 F.3d 1134, 1137 (8th Cir. 2011) (citing *United States v. Bledsoe*, 445 F.3d 1069, 1073 (8th Cir. 2006)).

Ct. at 1263–68 (holding that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review). To the extent that Strickland relies on the recently-decided *Beckles* case, that case is likewise inapplicable, as it held that the Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment Due Process Clause. 137 S. Ct. at 893.

In conclusion, even if Strickland's motion were not time-barred, his arguments fail on the merits. Accordingly, his motion is denied.

### D.  Right To an Evidentiary Hearing and Certificate of Appealability

A petitioner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A petition can be dismissed without a hearing if: "(1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Here, because Strickland's claims would not entitle him to relief, his § 2255 motion is dismissed without an evidentiary hearing.

In order to appeal an adverse decision on a § 2255 motion, a petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons explained above,

Strickland has not made this showing, and the Court declines to issue a certificate of appealability.

## III.    ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Correct Sentence [Doc. No. 196] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 16, 2017                              s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge